IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. NO.: 3:25-cv-46

Carol Scott,

    Plaintiff,

vs.

PepsiCo, Inc. Short Term Disability Plan and
PepsiCo, Inc. Long Term Disability Plan,

    Defendant.

## COMPLAINT

### Preliminary Statement

Plaintiff brings this action under the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1132(a)(1)(B) to seek entitlement and payment of short-term disability (STD) and long-term disability (LTD) benefits under a self-funded plan issued by the PepsiCo, Inc. Short Term Disability Plan and PepsiCo, Inc. Long Term Disability Plan.

### Parties

1.    Plaintiff is a citizen and resident of Charlotte, North Carolina.

2.    Defendant PepsiCo, Inc. Short Term Disability Plan (hereinafter "STD Plan") is a self-funded benefit plan organized and existing pursuant to 29 U.S.C.S. § 1132, and which does business in King, North Carolina.

3.    Defendant PepsiCo, Inc. Long Term Disability Plan (hereinafter "LTD Plan") is a self-funded benefit plan organized and existing pursuant to 29 U.S.C.S. § 1132, and which does business in King, North Carolina.

### Jurisdiction and Venue

4. In this matter, Plaintiff seeks STD & LTD benefits under ERISA plans pursuant to 29 U.S.C. § 1132(a)(1)(B) and this court has jurisdiction to consider this matter based upon a federal question. Defendants are subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)).

5. Venue in the Western District of North Carolina is appropriate by virtue of Defendant's presence and doing business in this District.

**Factual Allegations**

6. Until June 5, 2023, Plaintiff was employed with PepsiCo, Inc. and as an employee of PepsiCo, Inc., Plaintiff was provided with STD and LTD coverage via plans which are fully funded by PepsiCo, Inc.

7. Plaintiff became disabled because of certain problems from which she suffered, Plaintiff was forced to cease working and she filed a claim for STD benefits.

8. Plaintiff appealed the STD denial. The Defendant STD plan maintained the denial of STD benefits from June 5, 2023 to June 13, 2023 and August 1, 2023 through the remainder of the STD period. Plaintiff fully exhausted administrative remedies on the STD claim. Plaintiff also attempted to file an LTD claim, with PepsiCo, Inc., but never received a response. However, it is Plaintiff's understanding that to file a claim for LTD benefits she must first be approved for STD. Therefore, Defendant STD Plan's denial of Plaintiff's claim for STD benefits was also effectively a denial Plaintiff's claim for LTD benefits. The definitions of "disability" in both the STD and LTD plan documents are the same. It is futile for Plaintiff to further pursue her LTD claim in light of the denial of her STD claim as a determination of disability during the STD period is a necessary prerequisite to Plaintiff drawing LTD benefits and because Plaintiff has the same disabling condition which is the basis for both the STD and

LTD claims. The denial of Plaintiff's STD claim is an effective denial of her LTD claim. Therefore, Plaintiff's STD and LTD claims are appropriately before the court, as Plaintiff has exhausted administrative remedies on both claims and/or further attempts to exhaust administrative remedies on the LTD claim are futile.

## For a First Cause of Action
## For Benefits Pursuant to 29 U.S.C. § 1132(a)(1)(B)

9. Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

10. Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which she seeks under the terms of the plans. In the event that the court reviews the record and/or other relevant information and determines that the Defendant abused its discretion or that its decision is not supported by the record, but that the substance of the record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant. Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the STD and LTD benefits she seeks pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and

further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ M. Leila Louzri  
M. Leila Louzri, Esq.  
North Carolina Bar #: 48743  
**FOSTER LAW FIRM, LLC**  
25 Mills Avenue  
Greenville, SC 29605  
(864) 242-6200  
(864) 233-0290 (facsimile)  
E-mail: llouzri@fosterfoster.com

Date: <u>January 23, 2025</u>              Attorneys for Plaintiff